SIDNEY PIERCE, by his next friend, Appellee, v. FRANK COFFEE, Appellant.

**Personal services:** VALUE: COMPETENCY OF WITNESS. Before a witness can testify to the value of personal services he must establish his qualification; but in the instant case the witness knew plaintiff, his physical strength, habits of industry and the general character of the work in which plaintiff was engaged, and was qualified to state the value of his services, although not having seen him at his work and having no personal knowledge of the particular work he did.

**Same:** SERVICES AS MEMBER OF FAMILY: RECOVERY. One rendering services as a member of the family in which he resides and wherein he is supported, either as a child, relative or friend, is presumed to do so gratuitously; and before he can recover in the absence of an express promise to pay therefor he must establish such facts as would authorize the jury in finding that the service was rendered in the expectation of remuneration on the one hand, and of payment therefor on the other.

**Same:** INSTRUCTION. Where the defendant, in a minor's action for wages, pleaded a contract with a parent to furnish plaintiff a home, board and clothing in consideration for his services, an instruction that plaintiff, having pleaded an express contract must prove the same to entitle him to recovery, even though the services were in fact rendered, sufficiently covered the presumption that because of the previous relationship the service was gratuitous until a new contract was shown.

**Same:** RECOVERY FOR SERVICES: BURDEN OF PROOF. Where the defendant, in an action by a minor for the reasonable value of his services, pleaded an arrangement with plaintiff's parent by which he was to furnish him a home, board and clothing for his service, the burden of showing such an arrangement was upon the defendant; but when shown the burden then shifted to the plaintiff to establish his alleged special contract for compensation.

**Same:** PLEADINGS: REPLY AS AMENDATORY OF PETITION. Where the defendant, as in this action for services, pleaded a contract with plaintiff's parent to furnish him a home, board and clothing in consideration for his services, and plaintiff in his reply admitted such an arrangement originally and that he had performed service thereunder, but alleged a subsequent new contract by which he was to receive compensation for a stated time, the court was justified in treating the new allegations of the reply, in so far as they did not meet the answer, and in the absence of objection thereto, as amendatory of the petition.

*Appeal from Jasper District Court.*—HON. JOHN F. TALBOTT, Judge.

TUESDAY, FEBRUARY 18, 1913.

ACTION to recover for services rendered as a farm hand. *Affirmed.*

*W. O. McElroy,* for appellant.

*E. M. S. McLaughlin,* for appellee.

GAYNOR, J.—Plaintiff is a minor, and brings this action by his next friend to recover amount claimed to be due for services rendered by the plaintiff for the defendant between the 1st day of March, 1908, and the 26th day of November, 1908, and as a basis for his claim alleges that, at the instance and request of the defendant, he performed labor and services for the defendant as a farm hand from the 1st day of March, 1908, to the 26th day of November, 1908, and that the defendant orally agreed to pay plaintiff for his labor and services when rendered the reasonable value thereof; that his services so rendered were reasonably worth the sum of $15 a month. The defendant for answer to the plaintiff's claim denies that the plaintiff performed any services for him as a farm hand; denies that he employed the plaintiff to work for him; and denies that he is indebted to the plaintiff in any

manner. The defendant, further answering, says that in the year 1903 plaintiff's mother, Amanda Pierce, having the exclusive control and custody of the plaintiff, and being responsible for his support and entitled to his services, orally requested the defendant to take the plaintiff to his home and care for, clothe, and board him in consideration of such services as the plaintiff might render; that the defendant agreed to this proposition, took the plaintiff, cared for, boarded, and clothed him continuously until the 26th day of November, 1908; that during said time plaintiff was permitted to attend school, and defendant provided him with necessary school books, for all of which the defendant received no compensation other than the services rendered by the plaintiff, which services the defendant claims were much less than the actual cost of board, clothing, and other necessities furnished the plaintiff, that no services were rendered by plaintiff to defendant except such as were rendered in pursuance of and under the understanding and contract aforesaid, made with plaintiff's mother. The plaintiff, replying to the answer of the defendant, admits that the contract was made with his mother as stated in the answer, and that he worked for his board and clothing and went to school while staywas prior to the time complained of in his petition, and alleges that, during the time complained of in his petition to wit, from the 1st day of March, 1908, to the 26th day of November, 1908, the defendant furnished him no clothes and that he never attended school during the time so covered, and alleges that it was especially agreed from and after the 1st day of March, 1908, he should not go to school, but stay at defendant's and work on the farm as a farm hand, and receive his board and, in addition thereto, what his services were reasonably worth in money, and in pursuance of said agreement he stayed home from school during the period aforesaid and worked on defendant's farm during the time complained of in his petition. Upon the issue so tendered, the case was tried to a jury, and a verdict returned for the

plaintiff for $93.80, upon which judgment was rendered, and defendant appealed, and assigns several errors upon which he asks a reversal of the cause.

The first error assigned and relied upon is that the court erred in overruling defendant's motion to strike the testi-

**1. PERSONAL SERV-ICES: value: competency of witness.** mony of Amanda Pierce as to the value of plaintiff's services, on the ground that the witness on cross-examination showed herself wholly incompetent to give an opinion as to the value of such services. It appears from the record that Mrs. Pierce on her direct examination stated that she knew the reasonable value of the services such as Sidney rendered Mr. Coffee during the year 1908, and that they were worth $15 a month. On cross-examination she testified: ''I was not at Coffee's during that summer. I do not know of my personal knowledge what work Sidney was doing. I did not see him working at all.'' But she said, also: ''I inquired of other boys who were working out. I know of boys in the neighborhood getting as high as $28 a month.''

We think the witness was shown to be competent and her testimony properly left to the jury to be weighed by them. The weight of her testimony was for the jury and not for the court. It might, under those circumstances, have very little probative force; but it was for the jury to say, under all the facts and circumstances disclosed, what weight should be given to that testimony. The cross-examination was brief, and but few facts elicited from the witness tending to' discredit her statement that she knew the value of the boy's services. She knew this boy, his physical strength, his habits of industry, his ability to work, and the general character of the work expected of a boy on a farm such as defendant's and it might well be assumed that she was correct in her statement that she knew the value of his services, although she had not personally seen him engaged in work at this place, and had no personal knowledge of what particular work he did on defendant's farm.

Second, it is true, as claimed by appellant, that an opinion of a witness as to value cannot be received without first laying a foundation therefor; but we think in this case the foundation was originally laid, and, though jarred somewhat by the cross-examination, was not destroyed.

It is again claimed by the appellant that the court failed to fully present to the jury the law that should govern the rights of these parties in relation to the subject-matter of the controversy. It is rightly claimed that where it is shown that the person rendering service as a member of the family of the person served and receives support therein, either as a child, relative, or a visitor, a presumption of law arises that such services were gratuitous, and, before the person rendering services can recover, the expressed promise of the party served must be shown, or such facts and circumstances as would authorize the jury to find that the services were rendered in the expectation by one of receiving, and by the other of making, compensation therefor.

2. SAME: services as member of family: recovery.

However, in this case, the plaintiff predicates his right to recover on an expressed promise to pay for services rendered between the 1st of March, 1908, and the 26th day of November, 1908, and the court rightly instructed the jury that, the plaintiff having plead an expressed promise, he could not recover unless he established the contract substantially as claimed by him in his petition. The court in this instruction said to the jury: "That unless the plaintiff established by a preponderance of the evidence that the defendant promised and agreed to pay for the services what they were reasonably worth, the plaintiff could not recover, even though the services were actually rendered by him." And we presume that this was given to the jury by the court as a guide in this case, because of the previous relationship existing between the parties; that is, that the former relationship, if proven, would presume to have continued during the whole time, until by a preponderance of the evi-

3. SAME: instructions.

dence, the plaintiff had shown a changed relationship and a new contract under which he could recover.

The defendant, responding to plaintiff's claim, also alleges a contract made with plaintiff's mother, and alleges that the services were rendered under the contract alleged by him; that no change or alteration was made therein from the time he took the plaintiff into his home and until the plaintiff left.

Complaint is made that the court cast upon the defendant the burden of showing the existence of the contract alleged in his answer. The general rule is that, where one renders service for another with his knowledge, the presumption is, and an implied contract is raised, that he will pay for those services what they are reasonably worth, unless the contrary appears. The defendant assumed the burden of showing a condition of facts which would negative any implied contract on his part to pay for any services rendered by the defendant, and having assumed and alleged such a condition of facts as would, if true, negative any implied promise to pay for his services, the burden would rest on him to prove the contract alleged. Any affirmative allegations, upon which relief is sought, made in the answer or by which the party seeks to escape obligations that otherwise might arise must, being affirmatively alleged, be proven by him. This was casting no additional burden upon the defendant, but was rather an assumption of a burden on his part which he might well have avoided by pleading other than he did. Without these facts pleaded and proven, the plaintiff might well have predicated his case upon an implied contract that he would be paid for the services rendered with the knowledge and consent of the defendant without proving a special contract for payment; but, by the allegation and proof of these facts, the burden shifted onto the plaintiff, and he was obliged to allege and prove a special contract in order to recover for the services rendered.

4. SAME: recovery for services: burden of proof.

Again, it is claimed by the appellant that the facts pleaded

in the reply should have been stated in the petition in order to raise an issue; but it will be noticed that the reply does not change in the least the issue tendered by the petition. The answer made the reply necessary, and it amounted to nothing more than a confession and avoidance of certain of the matters alleged by the defendant in his answer, and a denial of other affirmative matters therein alleged. But even if it should be considered that some of the allegations of the reply were properly amendatory of the petition, still no objection was urged thereto by counsel in the court below. It seems to have been tried and was treated by the court that the allegations of the reply, in so far as they do not meet the allegation of the answer, were amendatory of the petition, and, in the absence of any objection on the part of the appellant thereto, we see no error in so treating it under the peculiar facts in this case.

5. SAME: pleadings: reply as amendatory of petition.

It is further claimed that the court erred in requiring the defendant to prove the matters alleged in his answer in so far as that pleading charges that the services were rendered under a contract between him and the plaintiff's mother. To be sure this contract must be pleaded and proven in order to raise any presumption, such as plaintiff contends for, that the services were rendered gratuitously, and that the services sued for were rendered at a time when the plaintiff sustained such relationship to the defendant's family as would raise such a presumption, and we see no error in requiring this of the defendant.

Other errors are assigned; but, in so far as they affect the matter in controversy, we think them sufficiently disposed of by what has been heretofore said, and the judgment is *Affirmed.*